LYNCHBURG CIRCUIT                         Case No.:CL25000620-00

RYBINNI, ELI                   vs.        VARIETY WHOLESALERS, INC.

---

## TABLE OF CONTENTS

| Document Index | Date Filed | Page |
|---|---|---|
| **Manuscripts:** | | |
| COMPLAINT | 06/24/2025 | 1 - 2 |
| ANSWER | 08/04/2025 | 3 - 7 |
| NOTICE - OF REMOVAL | 08/15/2025 | 8 - 23 |
| FINAL ORDER | 08/21/2025 | 24 - 25 |

---

I, Kenneth T. Swisher, Clerk of the Lynchburg Circuit, certify that the contents of the record listed in the table of contents constitute the true and complete record, except for exhibits whose omission are noted in the table of contents.

**VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG**

| | |
|---|---|
| ELI RYBINNI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | )    **Case Number:** |
| VARIETY WHOLSALERS, INC. | ) |
|    D/B/A Roses | ) |
| Serve: Corporation Service Company | ) |
|    100 Shockoe Slip, Fl 2 | ) |
|    Richmond, VA 23219-4100 | ) |
| | ) |
|    Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Mr. Eli Rybinni, and files his Complaint against the Defendant, Variety Wholesalers, Inc., d/b/a Roses in Lynchburg, Virginia, and states as follows:

1. The Plaintiff is a resident of the City of Lynchburg, Virginia, and the injury occurred at the Roses store in the City of Lynchburg, Virginia.

2. The Defendant is a corporation operating in the City of Lynchburg, Virginia, and as such this Court has jurisdiction under Virginia Code Section 8.01-328.1.

3. On the eighth day of August, 2024, the Plaintiff entered the Roses store in Lynchburg, Virginia as a normal consumer of goods offered by the Defendant.

4. A puddle of water was in the aisle of the store, and this puddle was not easily observed by a reasonable person.

5. This puddle came from an apparent leak in the ceiling.

6. Employees at the Roses store admitted that they knew about the puddle of water prior to the Plaintiff's entry into the store, and the employees failed to correct the hazardous condition.

7. Without knowledge of the condition that was not open and obvious for a reasonable person to see, the Plaintiff stepped into the puddle of water and fell to the ground.

8. Management was beyond unhelpful to the Plaintiff, and, despite obvious injury, rudely insisted that the Plaintiff leave the Roses store.

1

9.      The Plaintiff sought immediate medical attention, where he learned that the fall caused significant injury to his leg and back, for which he continues to seek treatment.

10.     The Defendant was negligent in that they:

    a.  knew of a dangerous condition in their store;

    b.  the dangerous condition was not open and obvious for a reasonable person;

    c.  failed to correct the dangerous condition; and

    d.  failed to warn customers of the dangerous condition which caused the Plaintiff's injury.

11.     The Plaintiff suffered severe injury as a result of the Defendant's negligence, he suffered damages due to the treatment of this injury caused by the Defendant's negligence, and he will continue to suffer damages in the future as a result of the Defendant's negligence.

WHEREFORE, the Plaintiff, Mr. Eli Rybinni, prays this Honorable Court grant his request for judgement against the Defendant in the amount of two hundred thousand dollars ($200,000.00) with interest from August 8, 2024, and for the Court to grant any relief to the Plaintiff as the Court sees just and appropriate.

ELI RYBINNI

By Counsel

W. Cameron Warren, Esq.
VSB No. 83436
Warren Law
7331 Timberlake Rd., Suite 104
Lynchburg, VA 24502
434-225-5226 (p)
434-226-1998 (f)
cam@camwarrenlaw.com
*Counsel for the Plaintiff*

2

Uploaded: 2025AUG04 14:35 Filed By: Lawrence A. Dunn Reference: FF-177507
eFiled: 2025AUG04 LYNCHBURG CC JMHARRIS at 2025AUG06 09:32 CL25000620-00
Case 6:25-cv-00060-NKM-CKM   Document 5   Filed 08/25/25   Page 4 of 27
Pageid#: 22



Lawrence A. "Lex" Dunn, Esquire

Direct Dial: 804.344.6307

Facsimile: 804.775.3800

E-Mail: LDunn@lawmh.com

August 4, 2025

VIA ELECTRONIC FILING-VJEFS
Hon. Kenneth T. Swisher, Clerk
Lynchburg Circuit Court
P. O. Box 4
900 Court Street
Lynchburg, VA 24505

Re:   <u>Eli Rybinni v. Variety Wholesalers, Inc.</u>
      Case No.: CL25000620-00

Dear Mr. Swisher:

I have enclosed an Answer for filing in the above-styled case on behalf of the Defendant.

Thank you for your time and attention to this matter.

Sincerely,

Lawrence A. Dunn

LAD/kld
Enclosure
cc:   W. Cameron Warren, Esq. *(via e-mail, U.S. mail)*

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG

ELI RYBINNI,

     Plaintiff,

v.                                   Case No.  CL25000620-00

VARIETY WHOLSALERS, INC.,
dba ROSES

     Defendant.

## ANSWER

The defendant, Variety Wholesalers, Inc. dba Roses, incorrectly named Variety Wholsalers, Inc. dba Roses, by counsel, states the following response to the Plaintiff's Complaint:

1.     The Defendant has insufficient knowledge to admit or deny the allegations in paragraph 1 of the Complaint and, therefore, these allegations are denied.

2.     The Defendant admits that it is a corporation formed under the laws of North Carolina with its principal place of business in Henderson, North Carolina and that it operates a retail store in the City of Lynchburg, Virginia. Any and all remaining allegations in paragraph 2 of the Complaint are denied.

3.     The Defendant admits that Eli Rybinni visited a store doing business as Roses on August 8, 2024 in Lynchburg, Virginia. Any and all remaining allegations in paragraph 3 of the Complaint are denied.

4.     The allegations in paragraph 4 of the Complaint are denied.

5.     The Defendant has insufficient knowledge to admit or deny the allegations in

1

4

paragraph 5 of the Complaint and, therefore, these allegations are denied.

6.      The Defendant denies the allegations in paragraph 6 of the Complaint.

7.      The Defendant denies the allegations in paragraph 7 of the Complaint.

8.      The Defendant denies the allegations in paragraph 8 of the Complaint.

9.      The Defendant has insufficient knowledge to admit or deny the allegations in paragraph 9 and, therefore, these allegations are denied.

10.     The Defendant denies the allegations in paragraph 10 of the Complaint.

11.     The Defendant denies the allegations in paragraph 11 of the Complaint.

12.     The Defendant shall rely on the affirmative defenses of contributory negligence, assumption of the risk and the failure to mitigate damages as these defenses are supported by the evidence known, or uncovered during discovery and/or trial of this matter.

13.     Without admitting that there existed an unsafe condition, the Defendant will rely on the affirmative defense of open and obvious.

14.     If the Plaintiff served any requests for admission, the Defendant objects to this discovery and deny any and all allegations because such discovery is premature. The Complaint was recently served on Variety Wholsalers, Inc.

15.     Any and all allegations in the Complaint which have not been expressly addressed herein are denied.

WHEREFORE, Variety Wholesalers, Inc., d/b/a Roses, incorrectly named Variety Wholsalers, Inc. dba Roses, by counsel, request the Court to dismiss the action herein with prejudice and to award it the costs for the defense of this matter.

2

VARIETY WHOLSALERS, INC.
dba Roses

By: _____
                    Counsel

Lawrence A. Dunn, Esquire (VSB #30324)
McCandlish Holton, P.C.
1111 E. Main Street
Suite 2100
Richmond, Virginia 23219
P.O. Box 796
Richmond, Virginia 23218
Telephone: 804.344.6307
Facsimile: 804.819.1175
LDunn@lawmh.com
*Counsel for Defendant*

3

6

## CERTIFICATE OF SERVICE

I hereby certify that, on this 4th day of August 2025, a true and accurate copy of the

aforementioned Answer was sent via first-class, pre-stamped U.S. Mail and electronic mail to the

following:

W. Cameron Warren, Esq.
VSB No.: 83436
Warren Law
7331 Timberlake Rd., Suite 104
Lynchburg, VA 24502
(t) 434-225-5226
(f) 434-226-1998
cam@camwarrenlaw.com
*Counsel for Plaintiff*

4

7

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG

ELI RYBINNI,

       Plaintiff,

v.                                      Case No. CL25000620-00

VARIETY WHOLSALERS, INC.,
D/B/A Roses

       Defendant.

## NOTICE OF FILING OF NOTICE OF REMOVAL

Please take notice that on the August 12, 2025, Variety Wholsalers, Inc., by counsel, filed

with the United States District Court for the Western District of Virginia, Lynchburg Division, a

Notice of Removal of this case.  A copy of this Notice is attached hereto as Exhibit 1.

Pursuant to 28 U.S. Section 1446 (d) no further action shall be taken in the State Court

unless and until the action is remanded.

VARIETY WHOLSALERS, INC, D/B/A Roses

By _____
                 Counsel

Lawrence A. "Lex" Dunn (VSB #30324)
McCandlish Holton, P.C.
P.O. Box 796
1111 East Main Street, Suite 2100
Richmond, VA 23219
(804) 344- 6307 Telephone
(804) 819-1175 Facsimile
LDunn@lawmh.com
*Counsel for Defendant*

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was mailed via first class mail,

postage prepaid, this 12th day of August, 2025, to:

W. Cameron Warren, Esq.
Warren Law
7331 Timberlake Road
Suite 104
Lynchburg, VA 24502
*Counsel for Plaintiff*

Hon. Kenneth T. Swisher, Clerk of Court
City of Lynchburg Circuit Court
P.O. Box 4
900 Court Street
Lynchburg, VA  24505

FILED IN THE CLERK'S OFFICE OF THE CIRCUIT
COURT OF THE CITY OF LYNCHBURG

AUG 15 2025   TIME 11:13 PM

TESTE: TODD SWISHER, CLERK

BY: _____ Dep. Clk

2

9

# EXHIBIT 1

# Eli Rybinni v. Variety Wholsalers, Inc.

# Case No. CL25000620-00

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

ELI RYBINNI,

        Plaintiff,

v.

                                                    Civil Case No.6:25-at-99999
                                                  City of Lynchburg Circuit Court Case No. CL25-
                                                  000620-00

VARIETY WHOLSALERS, INC.,
D/B/A Roses,
        Defendant.

## NOTICE OF REMOVAL

Defendant Variety Wholsalers, Inc. dba Roses[1], by counsel, whose correct name is Variety

Wholesalers, Inc., and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby file this Notice of Removal

on the following grounds:

1.      Eli Rybinni filed a Complaint in the Circuit Court for the City of Lynchburg on

June 24, 2025, alleging a personal injury claim against Variety Wholesalers, Inc. for injuries from

an incident on August 8, 2024 during which the plaintiff alleges that he slipped and fell in a retail

store located in the City of Lynchburg, Virginia.

2.      Variety Wholesalers, Inc. was served via its registered agent on July 15, 2025 with

a copy of the Summons and Complaint, a copy of which is attached hereto as **Exhibit A.**

3.      Variety Wholesalers, Inc. timely filed an Answer on August 4, 2025 in the Circuit

Court for the City of Lynchburg, Virginia.

---

[1] Although the Defendant's name is misspelled in the style of the case, it is a scrivener error because the other references to the defendant's name in the Complaint are correctly spelled. Clearly, the Plaintiff is intending to sue Variety Wholesalers, Inc. Therefore, the Defendant shall be referred to as Variety Wholesalers, Inc. in the rest of the document.

11

4.     A copy of Variety Wholesalers, Inc. Answer that was filed in the City of Lynchburg Circuit Court is attached hereto as **Exhibit B**.

**GROUNDS FOR REMOVAL**

5.     Plaintiff is, and was at all times relevant to this claim, a Virginia resident and is therefore a citizen of Virginia.

6.     Variety Wholesalers, Inc. is, and was at all times relevant to this claim, a North Carolina corporation with its principal place of business in Henderson, North Carolina. Therefore, it is a North Carolina citizen.

7.     This action therefore involves a controversy wholly between citizens of different states. There is complete diversity of citizenship.

8.     The amount in controversy exceeds the value of $75,000, exclusive of interest and costs, because Plaintiff's *ad damnum* seeks $200,000 in damages.

9.     This Court therefore has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a), and it may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

10.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed. This notice of removal is being filed within thirty (30) days of the Plaintiff serving the Complaint on the Defendant.

11.     Pursuant to 28 U.S.C. § 1441(a), venue of this removal action is proper in the United State District Court, Western District of Virginia, Lynchburg Division, because it is in the district and division embracing the place where the state court action is pending.

Page **2** of **4**

12.     Promptly after the filing of this Notice of Removal, Defendant will give written notice of the removal to Plaintiff, the adverse party, and will file a copy of this Notice of Removal with the Circuit Court for the City of Lynchburg, as required by 28 U.S.C. § 1446(d).

13.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant in the state court action have been attached hereto.

WHEREFORE Defendant Variety Wholsalers, Inc. dba Roses, by counsel, whose correct name is Variety Wholesalers, Inc. respectfully requests that this action be removed from the Circuit Court for the City of Lynchburg, Virginia to this Court.

Defendant Variety Wholsalers, Inc. dba Roses

/s/_____
Lawrence A. "Lex" Dunn (VSB No. 30324)
*Attorney for Defendant*
McCandlish Holton, PC
P.O. Box 796
Richmond, VA 23218
Telephone: (804) 344-6307
Facsimile: (804) 819-1175
LDunn@lawmh.com

Page **3** of **4**

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August 2025, I will electronically file the foregoing

with the Clerk of the Court using the CM/ECF system, and I will send a copy of the foregoing by

US Mail on August 12, 2025 to:

W. Cameron Warren (VSB #83436)
Warren Law
7331 Timberlake Road
Suite 104
Lynchburg, VA  24502
(t) 434-225-5226
(f) 434-226-1998
cam@camwarrenlaw.com
*Counsel for Plaintiff*

/s/_____
Lawrence Alexis Dunn (VSB No. 30324)
*Attorney for Defendant*
McCandlish Holton, PC
P.O. Box 796
Richmond, VA 23218
Telephone: (804) 344-6307
Facsimile: (804) 819-1175
LDunn@lawmh.com

Page **4** of **4**

14

Eli Rybinni v. Variety Wholesalers, Inc.

# EXHIBIT A

**VIRGINIA:   IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG**

| | |
|---|---|
| ELI RYBINNI,         ) | |
|          ) | |
|      Plaintiff,      ) | |
|          ) | |
| v.          ) | |
|          ) | **Case Number:** |
| VARIETY WHOLSALERS, INC.    ) | |
|    D/B/A Roses          ) | |
| Serve: Corporation Service Company    ) | |
|    100 Shockoe Slip, Fl 2       ) | |
|    Richmond, VA 23219-4100     ) | |
|          ) | |
|      Defendant.      ) | |

## COMPLAINT

COMES NOW the Plaintiff, Mr. Eli Rybinni, and files his Complaint against the Defendant, Variety Wholesalers, Inc., d/b/a Roses in Lynchburg, Virginia, and states as follows:

1.    The Plaintiff is a resident of the City of Lynchburg, Virginia, and the injury occurred at the Roses store in the City of Lynchburg, Virginia.

2.    The Defendant is a corporation operating in the City of Lynchburg, Virginia, and as such this Court has jurisdiction under Virginia Code Section 8.01-328.1.

3.    On the eighth day of August, 2024, the Plaintiff entered the Roses store in Lynchburg, Virginia as a normal consumer of goods offered by the Defendant.

4.    A puddle of water was in the aisle of the store, and this puddle was not easily observed by a reasonable person.

5.    This puddle came from an apparent leak in the ceiling.

6.    Employees at the Roses store admitted that they knew about the puddle of water prior to the Plaintiff's entry into the store, and the employees failed to correct the hazardous condition.

7.    Without knowledge of the condition that was not open and obvious for a reasonable person to see, the Plaintiff stepped into the puddle of water and fell to the ground.

8.    Management was beyond unhelpful to the Plaintiff, and, despite obvious injury, rudely insisted that the Plaintiff leave the Roses store.

16

9. The Plaintiff sought immediate medical attention, where he learned that the fall caused significant injury to his leg and back, for which he continues to seek treatment.

10. The Defendant was negligent in that they:

a. knew of a dangerous condition in their store;

b. the dangerous condition was not open and obvious for a reasonable person;

c. failed to correct the dangerous condition; and

d. failed to warn customers of the dangerous condition which caused the Plaintiff's injury.

11. The Plaintiff suffered severe injury as a result of the Defendant's negligence, he suffered damages due to the treatment of this injury caused by the Defendant's negligence, and he will continue to suffer damages in the future as a result of the Defendant's negligence.

WHEREFORE, the Plaintiff, Mr. Eli Rybinni, prays this Honorable Court grant his request for judgement against the Defendant in the amount of two hundred thousand dollars ($200,000.00) with interest from August 8, 2024, and for the Court to grant any relief to the Plaintiff as the Court sees just and appropriate.

ELI RYBINNI

By Counsel

W. Cameron Warren, Esq.
VSB No. 83436
Warren Law
7331 Timberlake Rd., Suite 104
Lynchburg, VA 24502
434-225-5226 (p)
434-226-1998 (f)
cam@camwarrenlaw.com
*Counsel for the Plaintiff*

17

# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL25000620-00

LYNCHBURG ............................................................................................ Circuit Court

900 COURT STREET, P. O. BOX 4, LYNCHBURG 24505-
.................................................................................................................................
ADDRESS

TO:

VARIETY WHOLESALERS, INC., CORPORATION SERVICE COMPANY

100 SHOCKOE SLIP

FLOOR 2

RICHMOND, VA 23219-4100

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

JUNE 25, 2025 ...........................................
DATE

SWISHER, TODD ...................................................................... Clerk

by /S/ SHEEHAN, GERI _____
DEPUTY CLERK

Instructions:

Hearing Official: ...................................................................................

18

FORM CC-1400 MASTER 10/13

Eli Rybinni v. Variety Wholesalers, Inc.

# EXHIBIT B

19

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG

ELI RYBINNI,

     Plaintiff,

v.                                  Case No.  CL25000620-00

VARIETY WHOLSALERS, INC.,
dba ROSES

     Defendant.

## ANSWER

The defendant, Variety Wholesalers, Inc. dba Roses, incorrectly named Variety Wholsalers, Inc. dba Roses, by counsel, states the following response to the Plaintiff's Complaint:

1.     The Defendant has insufficient knowledge to admit or deny the allegations in paragraph 1 of the Complaint and, therefore, these allegations are denied.

2.     The Defendant admits that it is a corporation formed under the laws of North Carolina with its principal place of business in Henderson, North Carolina and that it operates a retail store in the City of Lynchburg, Virginia. Any and all remaining allegations in paragraph 2 of the Complaint are denied.

3.     The Defendant admits that Eli Rybinni visited a store doing business as Roses on August 8, 2024 in Lynchburg, Virginia. Any and all remaining allegations in paragraph 3 of the Complaint are denied.

4.     The allegations in paragraph 4 of the Complaint are denied.

5.     The Defendant has insufficient knowledge to admit or deny the allegations in

paragraph 5 of the Complaint and, therefore, these allegations are denied.

6. The Defendant denies the allegations in paragraph 6 of the Complaint.

7. The Defendant denies the allegations in paragraph 7 of the Complaint.

8. The Defendant denies the allegations in paragraph 8 of the Complaint.

9. The Defendant has insufficient knowledge to admit or deny the allegations in paragraph 9 and, therefore, these allegations are denied.

10. The Defendant denies the allegations in paragraph 10 of the Complaint.

11. The Defendant denies the allegations in paragraph 11 of the Complaint.

12. The Defendant shall rely on the affirmative defenses of contributory negligence, assumption of the risk and the failure to mitigate damages as these defenses are supported by the evidence known, or uncovered during discovery and/or trial of this matter.

13. Without admitting that there existed an unsafe condition, the Defendant will rely on the affirmative defense of open and obvious.

14. If the Plaintiff served any requests for admission, the Defendant objects to this discovery and deny any and all allegations because such discovery is premature. The Complaint was recently served on Variety Wholsalers, Inc.

15. Any and all allegations in the Complaint which have not been expressly addressed herein are denied.

WHEREFORE, Variety Wholesalers, Inc., d/b/a Roses, incorrectly named Variety Wholsalers, Inc. dba Roses, by counsel, request the Court to dismiss the action herein with prejudice and to award it the costs for the defense of this matter.

2

VARIETY WHOLSALERS, INC.
dba Roses

By:_____
                    Counsel

Lawrence A. Dunn, Esquire (VSB #30324)
McCandlish Holton, P.C.
1111 E. Main Street
Suite 2100
Richmond, Virginia 23219
P.O. Box 796
Richmond, Virginia 23218
Telephone: 804.344.6307
Facsimile: 804.819.1175
LDunn@lawmh.com
*Counsel for Defendant*

3

22

## CERTIFICATE OF SERVICE

I hereby certify that, on this 4th day of August 2025, a true and accurate copy of the

aforementioned Answer was sent via first-class, pre-stamped U.S. Mail and electronic mail to the

following:

W. Cameron Warren, Esq.
VSB No.: 83436
Warren Law
7331 Timberlake Rd., Suite 104
Lynchburg, VA 24502
(t) 434-225-5226
(f) 434-226-1998
cam@camwarrenlaw.com
*Counsel for Plaintiff*

4

23

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

8/14/2025

LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| Eli Rybinni, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:25cv00060 |
| | ) | State Court No. CL25-000620-00 |
| v. | ) | |
| | ) | |
| | ) | **ORDER** |
| Variety Wholesalers, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This case was recently removed from the Circuit Court for the City of Lynchburg to the

United States District Court for the Western District of Virginia at Lynchburg.  This court,

finding it necessary and proper to do so, hereby REQUESTS that the original case file in your

Court be forwarded to the Clerk of this court at 1101 Court Street, Suite A66, Lynchburg, VA

24504, or submitted through this court's Case Management and Electronic Case Filing system

(CM/ECF).

The Clerk is directed to send a copy of this Order to the Clerk of the Circuit Court for the

City of Lynchburg.

ENTERED:    August 14, 2025

United States District Judge

24

Hon. Kenneth T. Swisher, Clerk of Court
Lynchburg Circuit Court
P.O. Box 4
Lynchburg, VA 24505

FILED IN THE CLERK'S OFFICE OF THE CIRCUIT
COURT OF THE CITY OF LYNCHBURG

AUG 21 2025    TIME
11:27 A.M.

TESTE: TODD SWISHER, CLERK

BY: _____ Dep. Clerk

25

LYNCHBURG CIRCUIT                    Case No.:CL25000620-00

RYBINNI, ELI                    vs.    VARIETY WHOLESALERS, INC.

## TABLE OF CONTENTS

| Document Index | Date Filed | Page |
|---|---|---|
| **Manuscripts:** | | |
| COMPLAINT | 06/24/2025 | 1 - 2 |
| ANSWER | 08/04/2025 | 3 - 7 |
| NOTICE - OF REMOVAL | 08/15/2025 | 8 - 23 |
| FINAL ORDER | 08/21/2025 | 24 - 25 |

I, Kenneth T. Swisher, Clerk of the Lynchburg Circuit, certify that the contents of the record listed in the table of contents constitute the true and complete record, except for exhibits whose omission are noted in the table of contents.